ANTICICH *v.* STANDARD OIL CO. OF KENTUCKY *et al.*

(In Banc. Oct. 13, 1941. Suggestion of Error Overruled Oct. 27, 1941.)

[4 So. (2d) 226. No. 34667.]

640

**Bidwell Adams and White & Morse,** all of Gulfport, for appellant.

George R. Smith, of Gulfport, **Rushing & Guice**, of Biloxi, and **Lyell & Lyell**, of Jackson, for appellees.

**Roberds, J.**, delivered the opinion of the court.

Appellant sued the Standard Oil Company of Kentucky, a corporation, and four of its employees for false arrest and imprisonment. The arrest and imprisonment were at the hands of the police of Biloxi. Appellant

charged that these employees, or some of them, instigated and procured such action by the police, with authority to represent the corporation. The jury decided both questions against appellant. A careful review of the record convinces us that no jury could reasonably have found otherwise. This renders it unnecessary that we consider any assignment of error other than wrongful admission of testimony, if any, which bears on these questions, for regardless whether such arrest and imprisonment were lawful or unlawful, the defendants are not liable if they did not bring it about, and the corporation is not liable if such employees, or any of them, did in fact bring it about, unless that person had authority to act for the corporation.

Appellant earnestly insists that proof by appellees of a criminal conviction of the husband of appellant, the husband being neither a party to, nor a witness in, the case, was reversible error. That conviction was shown under these circumstances: During her cross-examination appellant stated that in 1923 or 1924 she took charge of the business in which both she and her husband were financially interested. She was asked why she did that, and replied that it was because her husband was absent in the Federal Penitentiary at Atlanta, serving a nine months term for violating the navigation laws. No objection was made either to the questions or the answers. Later in the trial the defendants introduced certified copies of the record of a conviction of the husband for violating the immigration laws of the United States, and sentence of thirteen months in the Federal penitentiary. Objection was made to this.

Aside from whether this testimony was competent to contradict appellant, or had bearing upon the probability of a breach of the peace by appellant and her husband, justifying the police in arresting appellant, or whether it bore upon the damage to the business of appellant, both questions being issues in the case, it could not be reversible error, if error at all, as to these defendants because

(1) it had no bearing either upon the authority of any employee, or whether any employee did in fact instigate and procure such arrest through the police of Biloxi, and (2) even though it had such bearing, it is not perceived why any greater weight would be given by the jury to proof of violation of the immigration laws, admitted over objection, than would be given to proof of violating the navigation laws, admitted without objection.

Affirmed.